```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------X
```

CHARLES A. URREGO,                    NOT FOR PUBLICATION

            Plaintiff,          MEMORANDUM AND ORDER

    -against-                        00 CV 1203 (CBA)

UNITED STATES OF AMERICA,

            Defendant.

```
-----------------------------X
-----------------------------X
```

CHARLES A. URREGO,

            Plaintiff,

    -against-

JANET RENO, et al.,

            Defendants.

```
-----------------------------X
```

AMON, United States District Judge:

PROCEDURAL BACKGROUND

By Order dated March 31, 2003, this Court dismissed the above-captioned action against all defendants with the exception of defendant Mark Wasserman on defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Wasserman's motion was denied without prejudice pending confirmation of whether or not certain records were submitted to the grand jury which returned the indictment on

1

which plaintiff, Charles A. Urrego, ultimately was tried and convicted. Following confirmation of this fact, the Court accepted further briefing and heard oral argument on March 1, 2005. For the reasons set forth herein, the Court now grants defendant Wasserman's 12(b)(6) motion to dismiss.

## FACTS

Familiarity with this Court's earlier opinion is assumed. The Court reiterates only those facts pertinent to the outstanding motion. The Second Circuit in <u>United States v. Vozzella</u>, 124 F.3d 389 (2d Cir. 1997), reversed Urrego's criminal conviction on two counts of a superseding indictment which charged him with conspiring to extend extortionate loans in violation of 18 U.S.C. § 894 and conspiring to collect extortionate loans in violation of 18 U.S.C. § 892.[1] The convictions were reversed because the Circuit concluded that the government presented evidence at trial that was "in part false and otherwise so misleading as to amount to falsity" in violation of its obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). The evidence consisted of testimony regarding records of one Anthony Pietrosanti which the government presented at trial as proof of a conspiracy between Urrego and Pietrosanti to engage in

---

[1] His convictions for filing false bank loans and filing false tax returns were upheld.

loan sharking activities. During proffer sessions with the government, Pietrosanti had informed Assistant United States Attorney Wasserman that the records were not records of loans made to third parties as they appeared, but were fictitious. He further stated that the money he borrowed from Urrego was strictly for his personal use as a compulsive gambler. The government did not retry Urrego on the vacated conspiracy charges.

Urrego brings this action against Wasserman pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). In his Amended Complaint, Urrego alleges that Wasserman was present at the proffer session with Pietrosanti when Pietrosanti denied conspiring with Urrego in any loan sharking activity and indicated that records which purported to show loans were fictitious. (Am Compl. ¶¶ 42-44). The Amended Complaint further alleges that "Wasserman . . . presented a false and fictitious set of facts to a grand jury so as to wrongfully obtain an indictment against plaintiff," and that he caused to be elicited at trial false and/or misleading testimony about those records. (<u>Id.</u> ¶¶ 48, 63).

DISCUSSION

Wasserman contends that he is entitled to absolute immunity from plaintiff's claims under Bivens that he presented false and fictitious testimony to the grand jury and at trial. He is correct.

In determining whether a prosecutor is entitled to absolute immunity, a court looks to the function the prosecutor is performing at the time of the complained of actions. Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993).[2] If counsel is acting in his role as an advocate — i.e. functioning in circumstances "intimately associated with the judicial phase of the criminal process" — he is entitled to absolute immunity. Imbler v. Pachtman, 424 U.S. 409, 430 (1976). On the other hand, if he is acting as an investigator, he is entitled only to qualified immunity. Id. It has been noted that in some cases it is difficult to draw the line between the two functions. Zahrey v. Coffey, 221 F.3d 342, 347 (2d Cir. 2000). This is not one of those cases.

In his complaint, Urrego specifically alleges that defendant Wasserman "presented a false and fictitious set of facts to a grand jury so as to wrongfully obtain an indictment against

---

[2] Although Buckley and several other decisions cited herein discuss immunity in the context of claims brought pursuant to 42 U.S.C. § 1983, the law of immunity in a Bivens claim "mirrors" that in a § 1983 claim against a state official. See Moore v. Valder, 65 F.3d 189, 192 (D.C. Cir. 1995).

plaintiff" and "caused to be elicited" at trial "the false and/or misleading testimony" about those records. (Am. Compl. ¶¶ 48, 63.) It is settled law that when a prosecutor presents evidence to a grand jury and at trial he is acting as an advocate and entitled to absolute immunity on claims that the evidence presented was false. <u>Buckley</u>, 509 U.S. at 260; <u>Hill v. City of New York</u>, 45 F.3d 653, 662 (2d Cir. 1995); <u>Bernard v. County of Suffolk</u>, 356 F.3d 495, 505 (2d Cir. 2003). In <u>Buckley</u>, the Supreme Court further articulated the scope of the immunity to cover acts which include "the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made." <u>Buckley</u>, 509 U.S. at 273.

In advancing the position that Wasserman has failed to show that he is entitled to absolute immunity, Urrego relies on decisions of the Second Circuit in <u>Coffey</u> and <u>Hill</u>. His reliance is misplaced. In <u>Coffey</u>, the claim was that the prosecutor prior to indictment pressured and bribed witnesses to falsely implicate the defendant. The issue of whether this conduct was undertaken in the prosecutor's capacity as an advocate or an investigator was not resolved by the Circuit since in <u>Coffey</u> the defendant conceded for the purposes of the appeal that his role was investigatory. Notably, the plaintiff in <u>Coffey</u> did not dispute that the prosecutor was entitled to absolute immunity for his

5

actions in presenting the allegedly false statements to the grand jury. In Hill, the Second Circuit held that the prosecutor was entitled to absolute immunity from the charge that he conspired to present false evidence to the grand jury. In the absence of a more fully developed factual record, the court in Hill declined to resolve the claim that the prosecutor was entitled to absolute immunity in connection with an allegation that he deliberately fabricated a piece of evidence, a videotaped interview of a witness he allegedly instructed to lie. The court noted that if prior to the videotaped statement the prosecutor lacked probable cause to arrest and the results of that interview contributed to the finding of probable cause, the prosecutor would be acting in an investigatory function and thus would not be entitled to absolute immunity. On the other hand, the court recognized that a prosecutor is immune from liability for out-of-court efforts to control a witness' grand jury testimony that are made subsequent to the decision to indict. Hill, 45 F.3d at 662 (citing Buckley, 509 U.S. at 273). The case was remanded for further development of the factual record.

Here the complaint contains no allegation that Wasserman fabricated a piece of evidence prior to indictment. Rather, the claim is that after Urrego had already been indicted for loan sharking charges to which the suspect evidence pertained, Wasserman presented false evidence to a grand jury to obtain a

superseding indictment. Urrego's attempt to twist the very facts that he alleges to fit within the Hall remand is unpersuasive. In his brief, Urrego argues that Wasserman's speaking with a potential witness (Pietrosanti) prior to that witness' grand jury testimony suggests an "investigatory" function. What Urrego fails to appreciate is that his amended complaint does not allege that Pietrosanti was pressured to lie at that meeting, that any documents were fabricated by the government, or that Pietrosanti was ever called to testify before the grand jury. All that happened at that meeting was that Pietrosanti told Wasserman that the already-created records did not mean what they said. The only significance of this meeting is that it is the basis for the claim that Waserman, in placing the records before the grand jury and representing them to be records of loans to third parties, presented testimony which he knew to be false. Despite Urrego's conclusory characterizations in his brief, all that is alleged in the Amended Complaint is the false presentation of evidence to a grand jury and later, at trial, actions which are clearly covered by absolute immunity.

CONCLUSION

For the reasons set forth herein, defendant Wasserman's Rule 12(b)(6) motion to dismiss the Amended Complaint is granted. The Clerk of the Court is directed to enter judgment for the defendant in accordance with this Order and to close the case.

SO ORDERED.


Dated:    May 27, 2005
          Brooklyn, New York

                                        Carol Bagley Amon
                                        United States District Judge